**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4461**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

TYREE DORIAN RHINEHARDT, a/k/a Reek,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, Senior District Judge.  (5:13-cr-00099-RLV-DCK-2)

Submitted: January 30, 2018                    Decided:  February 5, 2018

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyree Dorian Rhinehardt pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (2012). The district court sentenced Rhinehardt to 12 months and 1 day of imprisonment, followed by 3 years of supervised release. After Rhinehardt was released from incarceration, the district court revoked his supervised release and sentenced him to 11 months of imprisonment, followed by 24 months of supervised release. Rhinehardt appeals, arguing that the court abused its discretion in revoking his supervised release and that the sentence imposed upon revocation is plainly unreasonable. For the reasons that follow, we affirm in part and dismiss in part.

During the pendency of this appeal, Rhinehardt was released from incarceration. We may address the issue of mootness sua sponte, "since mootness goes to the heart of the Article III jurisdiction of the courts." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks omitted). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (internal quotation marks omitted). Upon the expiration of a defendant's sentence "some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained." *Id.* (internal quotation marks omitted). Moreover, a "presumption of collateral consequences does not apply to supervised release revocations." *United States v. Huff*, 703 F.3d 609, 611-12 (3d Cir. 2013). Because Rhinehardt has served his term of imprisonment, there is no longer a

2

live controversy regarding the length of his confinement.  Therefore, his challenge to the district court's decision to impose an 11-month term of imprisonment is moot.

As Rhinehardt is still serving his supervised release term, however, we retain jurisdiction to review the district court's decision to revoke his supervised release.  We review the district court's revocation of supervised release for abuse of discretion, and the court's factual determinations underlying the conclusion that a violation occurred for clear error.  *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).  Upon finding a violation of a term of supervised release by a preponderance of the evidence, the court may revoke a term of supervised release and require the defendant to serve imprisonment for all or part of the term of supervised release authorized by the statute for the underlying offense.  18 U.S.C. § 3583(e)(3) (2012); *see United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).  Prior to revoking supervised release and imposing a sentence, a court must consider some of the factors set forth in 18 U.S.C. § 3553(a) (2012).  18 U.S.C. § 3583(e) (2012).  We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in revoking Rhinehardt's supervised release upon his admission to violating the terms of that supervision.

Accordingly, we dismiss the appeal in part, insofar as it challenges the length of Rhinehardt's term of imprisonment, and affirm the revocation judgment in all other respects.  We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid in the

decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*